**UNITED STATES of America, Plaintiff,**

v.

**Khadir GHANAYEM, Defendant.**

**No. 93 CR 510-1.**

United States District Court,
N.D. Illinois, E.D.

March 9, 1994.

James B. Burns, U.S. Atty., Steven Shobat, Asst. U.S. Atty., Chicago, IL, for plaintiff.

Stephen K. Milott, Chicago, IL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

Following a jury trial, Khadir Ghanayem was convicted of conspiracy to possess cocaine with intent to distribute. Ghanayem moved for acquittal pursuant to Fed. R.Crim.P. 29(c), and alternatively moved for a new trial pursuant to Fed.R.Crim.P. 33. Ghanayem's motion for acquittal was granted and his alternative motion for a new trial was deemed moot and was not ruled upon. The government now moves for a ruling on Ghanayem's alternative motion.

## BACKGROUND

Ghanayem was charged in a two-count indictment alleging that he engaged in a conspiracy to possess cocaine, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. After a three-day jury trial, Ghanayem was found guilty of conspiracy to possess cocaine but was found not guilty of attempt to possess cocaine. Ghanayem's motion in open court for judgment of acquittal was denied. Ghanayem moved for reconsideration of the denial of his motion for acquittal and moved in the alternative for a new trial.

On reconsideration, the court granted Ghanayem's motion for judgment of acquittal. *See* Memorandum Opinion and Order, No. 93 CR 510–1 (N.D.Ill. Jan. 20, 1994). The court found that the United States failed to establish beyond a reasonable doubt that Ghanayem was not entrapped into engaging in a drug conspiracy. *Id.* at 20. In granting Ghanayem's motion for judgment of acquittal, the court found it unnecessary to address Ghanayem's motion for a new trial. *Id.* at 21.

■ The United States now moves for a ruling on Ghanayem's alternative motion for a new trial. The United States states that it intends to appeal the order vacating Ghanayem's conviction. Upon granting a motion for judgment of acquittal, the court must also rule on an alternative motion for a new trial to preserve judicial resources on appeal. *See* Fed.R.Crim.P. 29(d). Accordingly, the government's motion for a ruling on Ghanayem's alternative motion for a new trial is meritorious.

## 1. New Testimony

■ The court may order a new trial "in the interest of justice." Fed.R.Crim.P. 33. It is within the court's discretion to order a new trial on the basis of newly discovered evidence. *See* Fed.R.Crim.P. 33; *United States v. Kaufmann,* 803 F.2d 289, 291 (7th Cir.1986). However, the court may order a new trial on the basis of newly discovered evidence only if the new evidence would probably lead to acquittal in the event of a new trial. *See United States v. Kamel,* 965 F.2d 484, 494 (7th Cir.1992).

■ Ghanayem asserts that the testimony of Mazen Shunnarah should be treated as newly-discovered evidence for the purposes of Rule 33. During the trial, Ghanayem called Shunnarah as a witness. Shunnarah asserted his Fifth Amendment privilege against self-incrimination and declined to testify. Ghanayem contends that Shunnarah, who is cooperating with the government in another drug prosecution, is now willing to testify that Ghanayem was not involved in the cocaine conspiracy at issue. If Shunnarah indeed were to testify on Ghanayem's behalf, a new trial might be warranted: Shunnarah may be able to provide evidence that Ghanayem did not attempt to contact him to set up a drug deal, or that Ghanayem was not a member of Shunnarah's drug organization. However, Ghanayem has not provided sufficient information for the court to determine whether Shunnarah indeed would now waive his Fifth Amendment privileges and testify on Ghanayem's behalf, nor has Ghanayem sufficiently identified the substance of Shunnarah's expected testimony.

Accordingly, Ghanayem is ordered to show cause why Shunnarah's testimony would provide grounds for granting a new trial. In order to show cause, Ghanayem is directed to file Shunnarah's affidavit that he is willing to testify and a proffer of Shunnarah's testimony. Upon reviewing the proffer, the court will determine if Shunnarah's testimony would give sufficient reason for ordering a new trial or if an evidentiary hearing would be needed to determine whether Shunnarah's testimony would provide an adequate basis for granting a new trial.

## 2. Other Alleged Grounds

Ghanayem asserts numerous trial errors that warrant granting a new trial. Ghanayem asserts each alleged error in a vague and conclusory fashion. Furthermore, Ghanayem fails to cite legal support for the claimed errors.[1] It is not appropriate for the court to

---

1. For example, Ghanayem summarily asserts (among his eighteen claimed errors):

8. *Brady* material ... was not ever tendered to the defense and Defendant was, therefore,

---

construct Ghanayem's legal arguments. Ghanayem must identify the purported errors with specificity and provide legal support for his conclusions. In filing his response to the rule to show cause, Ghanayem may amend his motion for a new trial to describe with greater particularity—and legal support—any errors that *genuinely* may provide grounds for granting a new trial.

### CONCLUSION

The government's motion for a ruling on the defendant Khadir Ghanayem's alternative motion for a new trial is granted. Ghanayem is ordered to show cause by April 5, 1994 that the testimony of Mazen Shunnarah would warrant granting a new trial. Ruling on Ghanayem's alternative motion for a new trial is deferred pending Ghanayem's response to this order to show cause.

---

denied a fair trial;

11. The jury did not properly weigh the evidence (*i.e.*, the 12 tapes admitted into evidence) but, given the short time of deliberation, apparently relied only on the transcripts, which were not admitted into evidence;

17. The Court improperly failed to allow Shunnarah's complete Plea Agreement into evidence as a defense exhibit.

*See* Defendant's Motion To Reconsider at 2–3.